E-FILED
Wednesday, 21 December, 2005  10:54:32 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

OMAR ABDEL-FATAH AL-SHISHANI,
    Plaintiff,

    vs.                           No. 05-1344

FEDERAL BUREAU OF PRISONS, et.al.,
    Defendant,

<u>ORDER</u>

This cause is before the court for merit review of the plaintiff's claims.   The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." The plaintiff participated in the hearing by telephone conference call.

The plaintiff  brings this lawsuit pursuant to 42 U.S.C. §1983, 42 U.S.C. §1981 and state law.   The plaintiff has named six defendants including the Federal Bureau of Prisons,  Pekin Federal Correctional Institution Warden Rick Veach, Associate Warden Jack Atherton, Captain David Gonzales, Lieutenant Guy Pagli and staff member Mohammed Zantout.

The plaintiff has divided his complaint into seven counts.   He first alleges that Defendants Veach, Allerton, and Gonzales discriminated against him in violation of 42 U.S.C. §1981.  During the hearing, the plaintiff also identified Defendant Pagli as one of the individuals who discriminated against him. The plaintiff says the defendants inaccurately labeled the plaintiff has a terrorist based only on his ethnicity and imposed many unfair restrictions on the plaintiff.  The plaintiff also says he was repeatedly placed in solitary confinement for no reason and without benefit of a hearing.  Lastly, he says the defendants told other inmates that he was a terrorist which lead to assaults by other inmates.

The court finds that the plaintiff has stated a violation of 42 U.S.C. §1981.  The plaintiff has also stated a violation of his due process rights based on receiving punishment without a hearing, and his Eighth Amendment rights based on the defendants failure to protect him.

The plaintiff's second count alleges that the defendants prevented him from practicing his religion with other Muslims due to fears about a terrorist uprising.  The plaintiff states that his claim is pursuant to the "Religious Freedom Restoration Act."  However, this act was found

1

unconstitutional.  The plaintiff is proceeding pro se and the court will interpret this as a claim pursuant to the Religious Land Use and Institutionalized Persons Act (RLUIPA).

The plaintiff's remaining counts are all violations of Illinois State Law.  Count III is an allegation of defamation claiming that the defendants told other inmates he was a terrorist which lead to verbal and physical injury.  Count IV alleges that the defendants intentionally inflicted emotional distress.  Count V alleges that the defendants were negligent because they placed him in physical danger by telling other inmates he was a terrorist and then allowed other inmates to attach the plaintiff.

The plaintiff's final count is actually a motion for a temporary and permanent injunction. The plaintiff is asking the court to issue an order to stop the defendants from continuing their behavior and to prevent the defendants from transferring the plaintiff.  The motion is denied. "A preliminary injunction is an extraordinary remedy that is only granted where there is a clear showing of need*."* Cooper v. Salazar, 196 F.3d 809, 813 (7th Cir. 1999).  The plaintiff has failed to demonstrate that a preliminary injunction is appropriate in this case. *See*.  Somerset House, Inc. v. Turnock, 900 F.2d 1012, 1014-15 (7th Cir. 1990).

Lastly, the court notes that the Federal Bureau of Prisons is not a proper defendant for an action pursuant to §1983 or state law.  Therefore, the court will dismiss this defendant.

## DEFICIENCY ORDER

On November 28, 2005 the court entered a Deficiency Order in this case.  The plaintiff was advised that he had not provided U.S. Marshals service forms for each of the six defendants and had not provided copies of the complaint for each of the defendants.  The plaintiff was given 21 days to comply with the court's order.  He was advised that failure to comply with the order could result in the dismissal of his lawsuit.

The plaintiff has filed a document entitled "Ex Parte Notice of Compliance."   The plaintiff says he previously submitted these documents with his complaint.  He states he submitted five copies of his complaint.  There are six defendants.  The plaintiff must provide a copy of the complaint for each defendant in addition to one copy for the court and a copy to return to the plaintiff.  The plaintiff must provide three more copies.

The plaintiff also claims he sent in U.S. Marshals service forms for each defendant.  As the court has previously advised the plaintiff, these documents were not received by the court. This will be the final opportunity for the plaintiff to provide the necessary documents to the court.  The plaintiff must provide copies of his complaint and the service forms within 14 days or his case will be dismissed.

2

**IT IS THEREFORE ORDERED that:**

**1) The court finds that the plaintiff's complaint states the following claims for the purposes of notice pleading:**

**a) The defendants discriminated against the plaintiff in violation of 42 U.S.C.§1981.**

**b) The defendants violated the plaintiff's due process rights when he was punished without a hearing.**

**c) The defendants violated the plaintiff's Eighth Amendment rights when they failed to protect him from assault.**

**d) The defendants violated the plaintiff's rights pursuant to the Religious Land Use and Institutionalized Persons Act.**

**e) The defendants violated Illinois state law including defamation, intentional infliction of emotional distress and negligence.**

**The claims are against the defendants in their individual capacities only.**

**2) The clerk of the court is directed to dismiss Defendant Federal Bureau of Prisons for failure to state a claim upon which relief can be granted.  Any other intended claims not stated in paragraph one are dismissed for failure to state a claim upon which relief can be granted.**

**3) The plaintiff's motion for an injunction is denied.**

**4) The plaintiff must comply with the court's November 28, 2005 deficiency order within 14 days of this order or his case will be dismissed.**

**5) A copy of this order shall be served upon the defendants with the complaint.  The defendants shall file a response to the claims identified in this order.**

**6) This case is referred to the Magistrate Judge for consideration of the plaintiff's motion to proceed in forma pauperis.**

Entered this 21st  day of December, 2005.

**s\Harold A. Baker**

_____

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

3